Parker C. J.
delivered the opinion of the Court. It is
objected to the indenture, first, that it is incomplete and therefore void, because no schedule has been annexed, as is provided for in the instrument. But the conveyance is absolute, of all the property described in the hands of the several persons whose names are mentioned. The annexation of a schedule is not a condition on which the validity of the assignment is to depend. The property passed, and was intended to pass, before any schedule should be taken. The assignee ha’d power, after the execution, to demand the property of all those in whose hands it had been placed, and though a schedule might be convenient, it was by no means essential to the contract, the property, and the place where it was to be found, being specifically mentioned in the body of the indenture. The qualification of the provision in regard to the schedule, that it was to be made out and annexed as soon as may be, proves that it was not considered by the parties as affecting the validity of the assignment. It was for the convenience of the assignee and the creditors, and perhaps amounts to a covenant on the part of the defendant that he would, whenever it should be required, make this annexation to the indenture. Surely he cannot avoid his assignment for having omitted to do it, and the creditors who became parties, having taken the property by virtue of the as signment, cannot avoid their release for this omission. It ap pears by an authority cited (Montagu on Composition, &c.), that if the debtor omits to do any thing which he stipulates, the release of the creditors shall not avail him ; but this principle applies only when the thing omitted is substantial, and is in truth a fraudulent violation of his contract.
The second objection is, that the release is signed and sealed by Emerson alone ; whence it is insisted, that it operate” only upon such debts as were due to him alone, and not on those which were due to Emerson and his partner, and therefore that the demands sued in this action were not released.
It being clear that one partner, or joint creditor, may release the whole debt, it is very certain that the act of Emerson m regard to this indenture ought to bar the present action, if it *68 was his intention to discharge the partnership demands. Tt may be, that if the intention were otherwise, it would not have that effect ; though by some of the authorities cited it would seem that a release by one will discharge the joint claim, unless its operation be restricted by some express words in the release. But however this may be, we think that by an instrument like the one in question, which is made for the benefit of the creditor as well as of the debtor, and where those who sign are described as being creditors, the presumption is, that those who sign, mean to take the benefit for all their demands, and that the release should be co-extensive with the advantage. If it appeared by the indenture, or by any schedule of creditors annexed, that Emerson had a private demand separate from his partnership debt, perhaps the presumption would be the other way ; but we see nothing in the instrument, from which it can be inferred that Emerson had any other than a joint claim. If the fact were so, it should have been made to appear in a replication to the plea, and then the question could be more distinctly settled as to the operation of this release.
As the case now stands, we are satisfied that the execution of the release by Emerson must be taken to be a release of all the demands of himself and partner, for otherwise there is nothing on which the release can operate, it not appearing that he had any private demands of his own.[1]

 See Chi tty on Contracts, (4th Am. edit.) 604, and cases cited; Rice v. Woods, 21 Pick. 34; 3 Kent, (3d edit.) 48, 49; Halsey v. Whitney, 4 Mason 206, 232; Smith v. Stone, 4 Gill & Johns. 310.